# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | Civil Action No. |
| Plaintiff, | |
| v. | **C O M P L A I N T** |
| **TALLAHASSEE MEMORIAL HEALTHCARE, INC. (D/B/A TALLAHASSEE MEMORIAL HOSPITAL & TALLAHASSEE MEMORIAL HEALTHCARE PHYSICIAN PARTNERS,** | |
| Defendant | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Tallahassee Memorial Healthcare, Inc. ("Tallahassee Memorial") terminated the employment of Charging Parties Julia Saintval and Aisha Sapp because of their disabilities rather than accommodating them by providing leave as a reasonable accommodation. EEOC further alleges that Tallahassee Memorial discriminated against a class of qualified individuals with disabilities between

1

November 2014 and May 2018 by maintaining an inflexible 12-week leave policy, and by denying additional leave as a reasonable accommodation, in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5.

2. The employment practices alleged to be unlawful were committed within the State of Florida between November 2014 and May 2018.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Tallahassee Memorial was doing business in the State of Florida and had at least 15 employees.

5. At all relevant times, Tallahassee Memorial was an employer engaged

in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Tallahassee Memorial was a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## **CONDITIONS PRECEDENT**

7. More than thirty days prior to the institution of this lawsuit, Julia Saintval and Aisha Sapp filed Charges of Discrimination with the EEOC alleging violations of Title I of the ADA by Tallahassee Memorial.

8. The EEOC issued Letter of Determinations to Tallahassee Memorial and invited it to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The EEOC issued to Tallahassee Memorial Notices of Failure of Conciliation.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

11. Charging Party Julia Saintval began working for Tallahassee Memorial in March 2015 as a Scheduler.

12. Saintval took a medical leave of absence in connection with a disability.

13. Saintval requested leave for a definite period of time beyond the FMLA as a reasonable accommodation.

14. Tallahassee Memorial advised Saintval that the company's policy was not to provide leave beyond the 480 hours allowed under the FMLA.

15. Tallahassee Memorial terminated and/or constructively discharged Saintval's employment.

16. Similar to Saintval, Charging Party Sapp is a qualified individual with a disability that was terminated and/or constructively discharged and who could have performed her job had Tallahassee Memorial provided leave for a definite period of time as a reasonable accommodation.

17. Each class member is a qualified individual with a disability who was terminated and/or constructively discharged between November 2014 and May 2018, who did not file a charge of discrimination with the EEOC, and who could have performed his or her job had Tallahassee Memorial provided leave for a definite period of time as a reasonable accommodation.

18.     Saintval, Sapp, and the class suffered damages.

## STATEMENT OF CLAIMS

19.     Tallahassee Memorial terminated the employment of Saintval, Sapp, and the class on the basis of disability, pursuant to its policy described above, rather than accommodate them by extending their leave, or by offering other reasonable accommodations, in violation of Sections 102(a) and 102(b)(3)(A) and (b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(3)(A) and (b)(5)(A).

20.     By maintaining its inflexible 12-week leave policy, Tallahassee Memorial imposed a job retention standard that screened out individuals with a disability and that was not job-related for the position or consistent with business necessity in violation of Sections 102(a) and 102(b)(3)(A) and (b)(6) of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(3)(A) and (b)(6).

21.     The unlawful employment practices complained of above were intentional.

22.     The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Saintval, Sapp, and a class of qualified individuals with disabilities.

23.     The effect of the practices complained of above has been to deprive Saintval, Sapp, and a class of qualified individuals with disabilities of equal

employment opportunities and otherwise adversely affect their status as employees because of their disabilities.

24. The unlawful employment practices complained of above caused damages to Saintval, Sapp, and a class of qualified individuals with disabilities.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Tallahassee Memorial, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in employment practices which discriminate on the basis of disability;

B. Order Tallahassee Memorial to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of the unlawful employment practices of Tallahassee Memorial;

C. Order Tallahassee Memorial to make whole Saintval, Sapp, and a class of qualified individuals with disabilities by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Tallahassee Memorial to make whole Saintval, Sapp, and a

class of qualified individuals with disabilities by providing compensation for past and future pecuniary losses resulting from their unlawful termination, including, but not limited to, job search expenses;

  E. Order Tallahassee Memorial to make whole Saintval, Sapp, and a class of qualified individuals with disabilities by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

  F. Order Tallahassee Memorial to pay Saintval, Sapp, and a class of qualified individuals with disabilities punitive damages for its reckless conduct, as described in the paragraphs above, in an amount to be determined at trial;

  G. Grant such further relief as the Court deems necessary and proper in the public interest; and

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint. Respectfully submitted,

RESPECTFULLY SUBMITTED,

>JAMES L. LEE
>Deputy General Counsel
>GWENDOLYN Y. REAMS
>Associate General Counsel
>U.S. EEOC
>131 M Street, NE
>Washington, D.C. 20507
>
>ROBERT E. WEISBERG
>Regional Attorney
>
>KRISTEN FOSLID
>Supervisory Attorney
>Florida Bar No. 688681
>
>*s/ Oshia Gainer Banks*
>OSHIA GAINER BANKS
>Trial Attorney
>Florida Bar No. 037022
>U.S. Equal Employment Opportunity Commission
>Miami District Office
>Miami Tower
>100 SE 2nd Street
>Miami, Florida 33131
>Tel: (305)808-1879
>Fax: (305)808-1835
>oshia.banks@eeoc.gov
>*Attorneys for Plaintiff*