IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    **Plaintiff,**

v.                    Case No. 4:19cv417-MW/CAS

**TALLAHASSEE MEMORIAL
HEALTHCARE, INC. (D/B/A
TALLAHASSEE MEMORIAL
HOSPITAL & TALLAHASSEE
MEMORIAL HEALTHCARE
PHYSICIAN PARTNERS)**

    **Defendant.**

_____/

## ORDER APPROVING JOINT MOTION TO APPROVE THE CONSENT DECREE & CONSENT DECREE

This Court has considered, without hearing, the Joint Motion to Approve the Consent Decree. ECF No. 3. The motion is **GRANTED** and the Consent Decree is approved:

### CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between Plaintiff Equal Employment Opportunity Commission ("EEOC"), and Defendant Tallahassee Memorial Healthcare Inc. (d/b/a Tallahassee Memorial Hospital & Tallahassee Memorial Healthcare Physician Partners) ("Defendant"). EEOC and Defendant are referred to as the "Parties" throughout this Decree.

### INTRODUCTION

1.     The EEOC filed this action under the Americans with Disabilities Act of 1990, as amended, ("ADA") alleging unlawful employment practices on the basis of disability. Specifically, EEOC alleges that Defendant denied Charging Parties Julia Saintval ("Saintval")

1

and Aisha Sapp ("Sapp") (collectively "Charging Parties") and a class of disabled individuals denied leaves of absence for a definite period of time as reasonable accommodation.

2. Defendant denies the allegations in the Complaint and asserts that it fully complied with the ADA and provided such leave when requested.

3. In the interest of resolving this matter, to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. This Decree is final and binding on the Parties, their successors, and assigns.

4. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

5. If one or more of the provisions are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendments to this Decree, if any, are appropriate to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect.

6. This Decree constitutes the complete understanding of the Parties with respect to the matters herein.

7. This Decree fully and finally resolves any and all claims asserted in the Complaint filed in this action, and the underlying charges of discrimination which are: *Julia Saintval v. Tallahassee Memorial Healthcare Physician Partners, Inc.*, 511-2017-00116C; *Aisha Sapp v. Tallahassee Memorial Hospital*, 511-2015-02558C.

8. The Parties acknowledge that this Decree does not resolve any other Charges of Discrimination that may be pending with EEOC against Defendant. This Decree in no way

effects EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or that may later be filed against Defendant in accordance with standard EEOC procedures.

9. Nothing in this Decree shall be construed to limit or reduce Defendant's obligations to comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., ("Title VII"), Title I of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 ("ADA"), the Age Discrimination in Employment Act, 29 U.S.C. §§621-633a ("ADEA"), the Equal Pay Act, 29 U.S.C. §206(d) ("EPA"), and the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. §2000f ("GINA")

**FINDINGS**

10. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction over the subject matter of this action and the Parties.

    b. The Court will retain jurisdiction for the duration of this Decree;

    c. No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree.

    c. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the Charging Parties and the Class, and the public interest are adequately protected by this Decree.

    d. This Decree conforms to the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA and will be in the best interests of

the Charging Parties, the class, Defendant, EEOC and the public.

e.  The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of Defendant.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

### DURATION of DECREE

11.  This Decree shall be in effect for a period of three years from the date it is signed by the Court (the "Effective Date").

12.  This Decree will not expire while any enforcement action concerning this Decree is pending.

### GENERAL INJUNCTIVE PROVISIONS

13.  Defendant, its officers, servants, employees, agents, successors in interest, and all persons acting in concert with them or on their behalf, shall not deny disabled individuals leaves of absence for a reasonable, definite period of time as a reasonable accommodation under the ADA, provided that such leave of absence does not impose an undue hardship on Defendant.

### MONETARY RELIF

14.  Defendant shall pay total monetary relief in this matter in the amount of $375,000.00to be distributed amongst the Charging Parties and eligible class members as described more fully below.

### CLAIMS ADMINISTRATOR

15.  Within fifteen (15) days of the Effective Date, Defendant shall engage a claims administrator ("Claims Administrator") selected by EEOC, and the Claims Administrator will commence its duties in accordance with this Decree and instructions from the EEOC.

16.  The Claims Administrator may provide the following services pursuant to this

Decree, consistent with instructions from the EEOC:

    a.    create and manage an interest bearing qualified settlement fund under §468(b) of the Internal Revenue Code (the "Qualified Settlement Fund");

    b.    issue payment to eligible class members from the Qualified Settlement Fund as directed by EEOC;

    c.    make periodic reports of activities to EEOC;

    d.    confer with EEOC regarding administrative matters;

    e.    calculate, withhold, report, and remit any and all required federal, state, and local tax withholdings, and timely issue the appropriate tax related documents (including but not limited to tax returns required to be filed by the Qualified Settlement Fund and W-2/1099 forms for all payments from the Qualified Settlement Fund); and

    f.    perform such other administrative tasks as it and EEOC may deem necessary to facilitate the claims administration process.

17. Within thirty (30) days of Effective Date, Defendant agrees to pay **$375,000.00** into the Qualified Settlement Fund established by the Claims Administrator. The Claims Administrator will notify EEOC once the payment is complete.

18. The purpose of the Qualified Settlement Fund is to provide monetary awards to Charging Parties and eligible class members.

19. Defendant will be responsible for paying its share of all applicable payroll taxes on awards of back pay made from the Qualified Settlement Fund. The employer's share of taxes shall not be taken from the settlement amount. The Claims Administrator will provide Defendant with all information required for Defendant for tax purposes in a timely manner. The Claims Administrator shall be responsible for issuing appropriate tax forms to the Charging Parties and eligible class members as applicable.

20. All costs and expenses relating to the claims administration process shall be paid by Defendant separate and apart from the Qualified Settlement Fund. The Claims Administrator shall bill Defendant on an as-incurred and monthly basis. The costs and expenses for the Claims Administrator shall not exceed $15,000.00

21. If Defendant fails to tender the payment described in Paragraph 14 above, then Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of EEOC's efforts to enforce this decree in federal court.

22. In the event that checks are returned and/or the Qualified Settlement Fund is not completely distributed to Charging Parties and/or eligible class members for any reason, EEOC may direct the Claims Administrator to allocate the remaining funds to the Charging Parties and/or eligible class member as additional compensatory damages and/or to The Able Trust also known as the Florida Endowment Foundation for Vocational Rehabilitation. The Able Trust is located at 3320 Thomasville Rd. Tallahassee, Fl. 32308 and is a charitable organization that provides Floridians with disabilities opportunities for successful employment.

## CLAIMS ADMINISTRATION

23. EEOC shall attempt to contact by letter and/or telephone each potential class member to notify them of this Consent Decree and determine eligibility. Eligible Class Members who wish to recover monetary compensation must contact EEOC within an EEOC established guideline. The time may be extended by the EEOC at EEOC's sole discretion.

24. Claims may also be made on behalf of deceased class members through representatives of their estate or next of kin if appropriate documentation is provided. EEOC will have the final authority to determine the validity of claims filed on behalf of deceased class members.

25. EEOC will, in its sole discretion, make the final eligibility determination as to what class members are eligible to receive monetary compensation (the "eligible class members"). Likewise, EEOC shall be the sole determiner of the amount of monetary relief to be received by any eligible class member or Charging Party under this Decree. For each eligible class member that receives a portion of the Qualified Settlement Fund, EEOC will also determine the tax classification of the award (i.e. back pay and/or compensatory damages).

26. EEOC will notify each Charging Party and class member in writing of the amount of his or her monetary award, if any, and of the anticipated date on which EEOC plans to seek approval of the allocation of the settlement funds. EEOC will advise each Charging Party and class member that they may object to the amount of his or her monetary award and/or determination that they are not eligible for a monetary award, by submitting a written objection to the EEOC in writing. EEOC will also provide a deadline and address for submitting any objections to the allocation of the settlement funds. The notification of award may indicate that the award is subject to review or modification by the Court only. 27.Along with the Notification of Award, each Charging Party and eligible class member will receive a Release (attached as Exhibit 1). Each Charging Party and eligible class member will be notified that in order to receive monetary payments under this Decree, he or she must execute and deliver to the EEOC a release in the form attached as Exhibit1. The Release will become effective upon the entry of a Court Order Approving the Allocation of Settlement Funds. The EEOC will provide a copy of each Release to Defendant.

28. Prior to having the Claims Administrator distribute money from the Qualified Settlement Fund, EEOC shall file a motion with the district court seeking approval of the allocation of money. The motion shall include: (1) A proposed distribution list containing the

names and proposed settlement amount for each eligible class member, charging party, and/or charity; (2) a copy of any timely objections; and (3) a copy of any untimely objections.

29. EEOC will provide the Defendant with the distribution list three (3) days prior to the filing of the motion seeking approval of the allocation of money. Defendant agrees it will not object to the distribution list.

30. After appropriate review, and after responding to any requests from the Court, the Court will enter an Order approving the allocation of the Qualified Settlement Fund and the distribution thereof pursuant to this Consent Decree.

31. Within thirty (30) days of the Court's Order approving the Allocation of the Qualified Settlement Fund, the Claims Administrator shall issue and mail any check(s) as set forth in the distribution list.

### ADA COORDINATOR

32. A critical component of this Agreement is Defendant's commitment to protecting workers with disabilities by providing them with accommodations that would allow them to continue working. As such, Defendant will within thirty (30) days of execution of this Consent Decree by the court, and for the duration of this Consent Decree, assign specific ADA Coordinator duties to a qualified employee with expertise in the ADA, EEO Compliance, human resources, and personnel matters. The ADA Coordinator responsibilities will include oversight of Defendant and its related affiliates and the individual assigned these duties will report directly to the Vice President of Human Resources or the Executive Director of Colleagues Relations and Human Resources Services. In the event that the ADA Coordinator is unable to continue to serve in this role and/or discontinues serving in this role, the Vice President of Human Resources will be selected to assume those duties and provided with the training described below within thirty (30) days of appointment.

33.     Training Requirement for the ADA Coordinator Responsibilities – Defendant shall require the individual charged as ADA Coordinator to attend a two (2) hour live, classroom training or seminar covering the ADA within thirty (30) days of the Effective Date, and two (2) hours of on-line training covering the ADA.  Defendant shall obtain the EEOC's approval of its proposed trainings prior to the training sessions, and shall submit the name, address, telephone number, name of the training, name of the entity hosting the training, a description of training, and a copy of the training brochures to the EEOC within fifteen (15) calendar days of the Effective Date. The EEOC will have five (5) business days to object to the training. If the EEOC objects, Defendant shall have an additional thirty (30) calendar days to secure training. Defendant shall certify to the EEOC in writing within five (5) business days after each training has occurred that the training has taken place.

34.     ADA Coordinator Duties and Responsibilities - Defendant agree to maintain the ADA Coordinator's duties, or expand those duties as necessary, throughout the term of this Consent Decree.  Defendant agrees that the ADA Coordinator may contact inside or outside legal counsel for the purposes of seeking legal advice as to the ADA and/or this Consent Decree.  The duties and responsibilities related to ADA coordinator shall include, but are not limited to, the following:

a.     Ensuring and assisting in the review and revision of Defendant's policies and procedures as required by this Consent Decree;

b.     Ensuring dissemination of Defendant's policies and procedures as required by this Consent Decree;

c. Oversee the Defendant's interactive process regarding any disability accommodation request made by any employee to ensure compliance with federal employment discrimination laws and the terms of this Consent Decree;

d. Reviewing all decisions regarding the provision or denial of any accommodation request made to ensure compliance with federal employment discrimination laws and the terms of this Agreement. This includes the review of any request for accommodation made by an employee, including leave, an extension of leave or reassignment as an accommodation. This also includes the review of any request for accommodation made by an employee at the time the employee returns to work, such as a return to work with restrictions or a request for assistive devices at the time of return;

e. Reviewing the processing and investigation of any complaints of disability discrimination and retaliation received to ensure compliance with federal employment discrimination laws and the terms of this Agreement;

f. Ensuring and verifying Defendant's compliance with all of the training, posting, record-keeping and reporting requirements of this Consent Decree.

g. Provided quarterly updates to the Vice President of Human Resources or Executive Director of Colleagues Relations and Human Resources Services inclusive of the information collected and reported under the Record-Keeping and Reporting provision below.

**TRAINING**

35. Defendant will provide the following training:

(i) <u>Employee Training</u>: Defendant will provide all employees with interactive training annually during the duration of this Decree (for a total of three trainings). The first training shall take place within ninety (90) days of the Effective

10

Date.  Defendant will provide EEOC with a copy of the interactive training module which will include, , at minimum: (a) explanation of Defendant's policy regarding disability discrimination; (b) description of the types of conduct or policies that constitute discrimination under the ADA, as amended; (c) explanation that employees may report suspicions of disability discrimination to any manager orally or in writing and that a prompt investigation will follow; (d) explanation of who is a qualified individual with a disability and who is an individual associated with a person with a disability; (e) explanation of the interactive process; (f) explanation of what reasonable accommodations are; (g) explanation of the process for employees to request reasonable accommodation; (h) explanation that reassignment and transfers may constitute reasonable accommodations and the process for seeking such accommodation; (i) explanation that a reasonable accommodation request can be made to any manager(s) orally or in writing; and (j) emphasize that Defendant will work in good faith to arrive at an effective reasonable accommodation for an employee who has a disability. Thereafter, Defendant will incorporate into its on-boarding procedures for newly hired employees the above described interactive training module to be completed within the first ninety (90) days of employment; and

    (ii)    <u>Human Resources Training</u>: Defendant will require all Human Resources officials whose work involves the ADA to receive at least two (2) hours of live training annually during the duration of this Decree (for a total of three trainings).  The first training shall take place within ninety (90) days of the Effective Date.  The training shall be provided by an organization mutually agreed upon between Defendant and EEOC.  Such training shall include, at a minimum, (1) the ADA and other federal anti-

discrimination laws; (2) instructions on handling requests for reasonable accommodations during an interview; (3) instructions on handling requests for reasonable accommodations from current employees and examples of creative ways to implement accommodations; (4) disability discrimination and examples of disability discrimination; (5) how to investigate complaints of disability discrimination; (6) confidentiality issues concerning requests for reasonable accommodations; and (7) the duties and responsibilities of managers under Defendant's policies. Attendance and/or participation in such training will be mandatory for all managerial employees.

(iii)   Defendant shall give EEOC three (3) weeks notice of all annual training to occur under this paragraph 40.  EEOC may attend any live training under this paragraph 40.

**ADOPTION AND DISTRIBUTION OF POLICIES REGARDING LEAVES OF ABSENCE AND ADA REASONABLE ACCOMMODATIONS**

36.   Defendant will review its Leaves of Absence and ADA Reasonable Accommodations Policy (the "Policy") to include the following:

(1)   Defendant will not refuse to hire and/or terminate applicants or employees on the basis of disability or a request for a reasonable accommodation;

(2)   Defendant will respond to all requests for reasonable accommodation(s), from applicants or employees, in writing within ten calendar days;

(3)   A leave of absence for a definite period of time, beyond the FMLA, may be considered a reasonable accommodation to disabled employees;

(4)   Applicants and/or employees may make requests for reasonable accommodations directly to the ADA Coordinator;

(5)   To the maximum extent possible, the ADA Coordinator will keep

    medical information confidential (for example, the ADA Coordinator may be able to determine whether an accommodation would be feasible without disclosing the underlying disability to a manager or supervisor);

  (6) All medical information shall be kept confidential to the maximum extent possible.

  (7) Defendant cannot deny a request for a reasonable accommodation without the approval of the ADA Coordinator; and

  (8) To the extent Defendant denies a request for a reasonable accommodation, Defendant will provide the reason in writing to the applicant or employee.

37. Defendant will distribute the Policies to each of Defendant's existing employees and managers within sixty (60) calendar days of the Court's approval of this Decree. All new employees will receive or be given access to the Policies within the first five (5) business days of employment.

38. A copy of the Policies shall also be included in any relevant policy or employee manuals maintained by Defendant. The Policies must be kept and maintained in a conspicuous and accessible place in English for all employees of Defendant and provided in a font that is easily legible (at least 11 point font).

## NEUTRAL JOB REFERENCE

39. To the extent Defendant is contacted for a job reference for the Charging Parties or any class member, Defendant will provide a neutral job reference that is substantially the same as the Neutral Job Reference attached as Exhibit 2. Defendant will not make any reference to any charges of discrimination, this lawsuit, or any disability.

40. Defendant agrees that Charging Parties and the class members who were separate from employment for reasons other than misconduct or poor performance shall be eligible for re-hire. The Charging Parties and class members will be considered along with any other applicants

13

and will not be subjected to either disability discrimination or retaliation for having participated in this lawsuit.

## POSTING OF NOTICE

41.     Within ten (10) calendar days from the Effective Date, Defendant shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as Exhibit 2 to this Decree at all of Defendant's facilities in a conspicuous location or locations, easily accessible to and commonly frequented by Defendant's employees (i.e. employee bulletin board or lunch room).  The Notice shall remain posted for the duration of this Decree.  Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.  Within fifteen (15) calendar days from the Court's execution of this Decree, Defendant shall certify to EEOC in writing that the Notice has been properly posted as described in this paragraph.

## REPORTING

42.     Defendant shall furnish EEOC with annual written Reports during the duration of this Decree.  The first report shall be due August 15, 2020, August 15, 2021, and August 15, 2022. Each such Report shall contain:

   a.   A certification that Defendant has completed all trainings required by the Decree;

   b.   A certification that the Notice remained posted for the entire period as required by this Decree;

   c.   A report of all reasonable accommodations denied by the Defendant.  This report shall include: (i) the name and contact information of the person requesting accommodation; (ii) the date of the requested accommodation and the date it was denied; (iii) why the request for accommodation was denied; (iv) whether an

alternative accommodation was provided; and (v) whether the applicant was hired and/or whether the employee continues to work for Defendant.

## COMPLIANCE

43. The EEOC may review compliance with this Decree at any time during its duration.

44. If any time during the term of this Decree, the EEOC has reason to believe that Defendant is in violation of the Decree, the EEOC shall have a right to conduct an inspection at Defendant's facilities, examine and copy documents, and/or interview any applicant or employee of Defendant. Defendant will make all employees available to EEOC, and shall permit employees to speak confidentially with EEOC for purposes of verifying compliance with this Decree. The EEOC must provide Defendant with twenty-four (24) hours' notice of its intent to conduct an inspection by notifying Jennifer Monrose Moore and Gerald Bryant of the upcoming inspection/interview via electronic mail at Jennifer.moore@ogletree.com and jbryant@penningtonlaw.com, respectively. After the inspection, the EEOC shall give notice of any alleged violation(s) to Defendant. Thereafter, the parties shall follow the Dispute Resolution Procedure set forth in Paragraphs below.

45. Any submissions, reports, certifications, notices, or other materials that are required to be submitted to EEOC shall be mailed to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: Tallahassee Memorial Consent Decree," at United States Equal Employment Opportunity Commission, Miami District Office, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.

## NOTIFICATION OF SUCCESSORS

46. Defendant shall provide prior written notice to any potential purchaser of its business, or a purchaser of all or a portion of Defendant's assets, and to any other potential

successor, of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence and contents of the Decree.

## DISPUTE RESOLUTION

47.    In the event that EEOC believes that Defendant has failed to comply with any provision(s) of the Decree, EEOC will notify Defendant, and Defendant must make a good faith attempt to cure any breach of the Decree within fifteen (15) calendar days of notification. The fifteen (15) calendar days to cure provision of this Paragraph shall not apply, however, to the payment required by Paragraph 10 above.

48.    Following the fifteen (15) calendar day cure period, EEOC shall have the right to seek Court intervention to remedy any breach and/or enforce the Decree.

49.    No party shall contest the Court's jurisdiction to hear a dispute arising from the Decree nor challenge EEOC's ability to bring an action to enforce the terms of the Decree in this Court.

## COSTS

50.    Each party to this Decree shall bear its own costs associated with this litigation.

51.    The Clerk shall close the file.

**SO ORDERED on August 28, 2019.**

                                    **s/ MARK E. WALKER**
                                    **Chief United States District Judge**

**EXHIBIT 1**

In consideration for $_____ paid to me by Tallahassee Memorial Healthcare Inc. in connection with the resolution of *EEOC v. Tallahassee Memorial Healthcare Inc.*, I waive my right to recover for any claims of disability discrimination-failure to accommodate arising under the Americans with Disabilities Act, as amended (the "ADA") that I had against Tallahassee Memorial prior to the date of this release and that were included in the claims alleged in EEOC's complaint in EEOC v. *Tallahassee Memorial Healthcare Inc.*.

Date:_____Signature: _____

Print: _____

**EXHIBIT 2**

**REFERENCE**

Dear _____

    This letter is in reference to your request for information regarding the employment of [Name].

    [Name] served as the _____ for Tallahassee Memorial from _____ 20___ to _____ 20___.

    Company policy does not permit us to provide any additional information concerning [Name's] employment. However, I am sure she can provide you with the details concerning her duties at Defendant.

    I hope this information is helpful and that it satisfactorily answers your inquiry.

Very truly yours,


Clinic Administrator
on behalf of Defendant

**EXHIBIT 3**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in *EEOC v. Tallahassee Memorial Healthcare Inc., Case No.*_____(M.D. Fla.). In this case, the EEOC alleged that Defendant discriminated against a class of employees by failing to provide a definite period of leave to disabled employees as a reasonable accommodation. Defendant has denied those allegations. As part of the resolution of this matter, Tallahassee Memorial Healthcare Inc. agreed to post this Notice to reflect its commitment to eradicate disability discrimination and in the workplace.

Tallahassee Memorial Healthcare Inc. will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, disability discrimination.  It is the policy of Tallahassee Memorial Healthcare Inc. to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, or disability. There will be no intentional discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964 (Title VIII), as amended; the Age Discrimination in Employment Act (ADEA), as amended; the Equal Pay Act (EPA) of 1963, as amended; the Americans with Disabilities Act (ADA), as amended; and the Genetic Non-Discrimination Information Act (GINA).

Defendant assures its employees that it will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts, to request a reasonable accommodation, or to file charges with EEOC.  Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated Tallahassee Memorial Healthcare Inc.'s policy prohibiting discrimination and retaliation.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (305) 808-1740. EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for an agreed period of time and must not be altered, defaced or covered by any other material.  Any questions about this Notice may be directed to: Tallahassee Memorial Consent Decree,  c/o Regional Attorney Robert E. Weisberg, Miami District Office, Miami Tower, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131.

Date:_____            Signature: _____
                                                            President, Tallahassee Memorial
                                                            Healthcare, Inc.

DO NOT REMOVE, ALTER, DEFACE OR COVER